[Crim. No. 834. Fourth Dist. Aug. 17, 1951.]

THE PEOPLE, Respondent, v. TESS W. SHAW, Appellant.

James N. Hays for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—A jury found the defendant guilty of burglary in the first degree, and he appeals from the judgment and from an order denying his motion for a new trial. Although ably represented by counsel appointed by the court, he has personally filed a reply brief.

In the early morning of January 22, 1951, someone entered the home of Mr. and Mrs. Faretta in Fresno, and took a box of raisins. Mrs. Faretta had retired at 12:30 a.m., after hooking the screen door to the back porch and leaving a light in one room for her husband. Mr. Faretta returned about 1 a.m., turned off the light and went to bed.

Mr. Narvais, who lived in a house, the backyard of which abutted that of the Farettas, returned home about 2 a.m. Hearing a noise like somebody cutting a screen, he walked to the rear fence and saw a man in a long dark coat standing by the door. of the screen porch. of the Faretta house. He went to a near-by police station and reported the matter. Three officers, who left the police station at 2:10 a.m., went back with him and spread out, looking for the intruder. At 2:15 a.m. one of the officers arrested the defendant as he entered the alley from the backyard of the house between the Faretta home and the alley. The defendant had on a dark overcoat, and was carrying a box of raisins. Mrs. Faretta identified this box of raisins as belonging to her, and as having been on the back porch when she went to bed. The screen in the back porch door had been cut, and the lights in the

Faretta house had been turned off by moving a switch in the meter box at the rear, stopping an electric clock at 2:06. A knife was found in the defendant's pocket. Mr. Narvais identified the defendant as the man he had seen by the back door of the Faretta home. The defendant told the officers that a man had given the raisins to him, and later told them that a man named "J. W." had given them to him.

The defendant testified that he left the "Five and Ten" café, which was about a block from the Faretta home, after 2 a.m.; that he met a man whom he knew as "J. W.," who sold him these raisins for 15 cents; that he went past the Faretta home and entered the alley on his way to his home farther down this alley; and that when he had gone a short distance a police officer entered the alley and ran to him. A waitress in the Five and Ten Café testified that the defendant left the café shortly after 2 a.m., when it closed.

The appellant first contends that the evidence is insufficient in that it was not proved beyond a reasonable doubt that he is the person who entered this house and took these raisins. It is argued that the testimony of Narvais, who was the only one who saw the man at the time the screen was probably cut, was inherently improbable for three reasons: (1) Narvais did not see the man's face; (2) he testified that the fence between the two yards was 8 or 10 feet from the back door of the Faretta home, whereas one of the officers testified that he thought the distance was about 35 or 40 feet; (3) that at the preliminary hearing Narvais said he saw the man in the porch while at the trial he said he saw the man by the door of the porch. It is further argued that the appellant had no motive to commit burglary since he had $5.43 in his pocket when he was arrested. Also, that 15 minutes elapsed between the time Narvais saw the man and the time appellant was arrested, and it would be unreasonable to believe that he would remain on the porch for 15 minutes when all he found was a box of raisins.

There is nothing unreasonable about Narvais' testimony or the other matters referred to, and nothing appears beyond a slight conflict in the evidence. Neither Narvais nor the officer claimed to know the exact distance from the house to the fence, and each was giving his general estimate. The man seen by Narvais had on a long coat, and the appellant had on an overcoat when he was arrested a few minutes later. The electric clock had stopped at 2:06, and when the appellant was arrested nine minutes later he had these raisins and was

coming from the backyard of the adjoining home. He made no attempt to explain his presence in that backyard. He gave two explanations of how he came in possession of the raisins, neither of which appears plausible either by itself or in the light of the other evidence The evidence supporting the verdict and judgment is both sufficient and convincing.

■ It is next contended that the court erred in permitting the improper cross-examination of the appellant in one respect. The appellant was asked if he had ever gone into the "Half Moon" café, which was operated by Mr. Faretta. He replied that he had, and was then asked when he was last there. An objection on the ground that this was not proper cross-examination was overruled, the court remarking that he did not see the materiality but that it might develop. The appellant was then asked if he had not been barred by Mr. Faretta from this café for fighting, to which he replied that he had. It is argued that this question concerned a matter about which the appellant had not been examined in chief; that it did not tend to prove any issue in the case; that it was not admissible as impeachment; and that it could have been asked only for the purpose of prejudicing the appellant in the minds of the jurors. The question was not objected to, no motion to strike was made, and the appellant did not ask the court to instruct the jury to disregard the matter. We agree that the question was objectionable but it cannot be held to have been sufficiently prejudicial to justify a reversal, especially in view of the convincing evidence in this case.

■ Finally, it is contended that the court improperly admitted evidence of a conversation between an officer and the appellant on the way to the police station that night. When the officer was asked what was said in this conversation an objection on the ground that it was hearsay was overruled. When asked what the conversation was, the officer testified that he then said to the appellant "I would like to catch more fellows like him, red-handed like that, with his pants down. It would make our job a lot easier," and that the appellant made no reply to this. It is argued that this statement of the officer does not come within the exception permitted by section 1870 of the Code of Civil Procedure, since the statement and the circumstances were not such as to call for any reply on the part of the appellant. This statement was accusatory in nature and would naturally call for a denial from the appellant, if he was innocent or felt that he had not been

caught red-handed. If error be assumed in this connection, it is not sufficient to warrant a reversal under the circumstances of this case, where the evidence of the appellant's guilt is strong, complete and convincing.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.